UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JANET L. SANDERS, et al., <br>     Plaintiff, <br> v. <br> COUNTY OF SANTA CRUZ, et al., <br>     Defendant. | Case No.  5:13-cv-03205-EJD <br><br> **ORDER TO SHOW CAUSE** |

On July 11, 2013, Plaintiffs Janet L. Sanders, Larry Sanders and Daniel Ryan Pierce ("Plaintiffs") commenced the instant action directly in this court against Defendants County of Santa Cruz and Phil Wowak in his capacity as the Santa Cruz County Sheriff ("County Defendants") for claims under 42 U.S.C. § 1983 and related state-law causes of action. As indicated in the Complaint, subject matter jurisdiction arose over Plaintiffs' federal claims under 28 U.S.C. §§ 1331 and 1343, and arose over the state-law claims under 28 U.S.C. § 1367.

After filing an Answer to the Complaint, the County Defendants then filed a Third Party Complaint pursuant to Federal Rule of Civil Procedure 14 against Dignity Health d/b/a Dominican Hospital and a number of doctors and other providers for express and equitable indemnity under California law. According to the Third Party Complaint, subject matter jurisdiction over those state-law claims arose under 28 U.S.C. § 1367.

On March 12, 2015, the court dismissed Plaintiffs' claims according to an agreement between Plaintiffs and the County Defendants.

Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims

1

Case No.: 5:13-cv-03205-EJD
ORDER TO SHOW CAUSE

1  that are so related to claims in the action within such original jurisdiction that they form part of the
2  same case or controversy under Article III of the United States Constitution." However, a district
3  court may properly decline to exercise supplemental jurisdiction over state-law claims if such
4  claims "substantially predominate[] over the claim or claims over which the district court has
5  original jurisdiction" or the court "has dismissed all claims over which it has original jurisdiction."
6  28 U.S.C. § 1367(c).

Here, the court has dismissed Plaintiffs' claims under 42 U.S.C. § 1983 - the only claims over which it had original jurisdiction. Thus, it appears at this point that the court should decline to exercise continuing supplemental jurisdiction over the remaining third-party claims and dismiss them without prejudice. Accordingly, the court hereby issues an order to show cause why the County Defendants' third-party claims should not be dismissed pursuant to 28 U.S.C. § 1367(c). If the parties to the Third Party Complaint do not, by **March 18, 2015**, demonstrate good cause in writing why the claims should not be dismissed, the court will dismiss them without prejudice. No hearing will be held on the order to show cause unless otherwise ordered by the court.

As to other pending matters, the County Defendants' Motion to Dismiss Larry Sanders as a plaintiff (Docket Item No. 107) is DENIED AS MOOT due to the dismissal of Plaintiffs' claims. All discovery proceedings are STAYED pending further order of the court. The ex parte application addressing this topic (Docket Item No. 119) is DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated: March 13, 2015

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:13-cv-03205-EJD
ORDER TO SHOW CAUSE

2